[Civ. No. 5586.   First Appellate District, Division Two.—January 20, 1927.]

## MARY M. WILSON, Respondent, v. ROSALIE JAMES COLE, Appellant.

[1] TRUSTS — PLEADING — SUFFICIENT COMPLAINT. — In this action to establish a trust in favor of plaintiff as to an undivided one-half interest in certain real property, the complaint stated facts sufficient to show a constructive trust and a breach thereof, although some of those facts were insufficiently pleaded.

[2] ID.—EVIDENCE—FINDINGS—APPEAL.—In such action, the evidence having been full of conflicts, but plaintiff having introduced evidence, both oral and documentary, in support of her theory of the case, and the trial court having seen the witnesses and had an opportunity to determine which witnesses so testified as to produce the strongest impression as to veracity and recollection of the facts, the appellate court was not inclined to disturb the finding of the trial court in favor of plaintiff.

[3] ID. — SUFFICIENCY OF EVIDENCE — DISCRETION OF TRIAL JUDGE — APPEAL.—The rule that, in such actions to set aside a deed ab-

———

1.  See 25 Cal. Jur. 242.
3.  See 25 Cal. Jur. 248; 26 R. C. L. 1203.

solute in form, the evidence should be clear, satisfactory and convincing, is primarily addressed to the trial judge; and in this action the appellate court could not say that he abused his discretion.

(1) 39 **Cyc.**, p. 623, n. 60.     (2) 39 **Cyc.**, p. 193, n. 8.     (3) 4 **C. J.**, p. 898, n. 92; 39 **Cyc.**, p. 193, n. 8.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

Salisbury & McNeil, Verne E. Robinson, W. Sumner Holbrook, Jr., and R. C. W. Friday for Appellant.

William L. Morrison and Adam Thompson for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to obtain a judgment declaring that the defendant held the title of the plaintiff in trust as to an undivided one-half interest in certain property located in the city of San Diego. The defendant appeared and answered and a trial was had before the court sitting without a jury. The trial court made findings in favor of the plaintiff and from a judgment entered thereon the defendant has appealed under section 953a of the Code of Civil Procedure.

Edwin and Mary E. James were husband and wife. Down to the date of the death of Mr. James they resided at Guatemala. To them were born two daughters, Mary M., who afterward married and is now Mrs. Mary M. Wilson, the plaintiff in this case. The other daughter, Rosalie, afterward married and she is the defendant Rosalie James Cole. At the time Mr. James died he had accumulated and was the owner of certain parcels of real estate in Guatemala, and other parcels in New Orleans. He left a will by the terms of which one-half of his estate went to his widow and one-quarter thereof to each of his daughters. At first the management of the properties rested with the widow. Her management was unsatisfactory and family disputes arose. At this time she had already acquired the real estate located at San Diego. In the interest of harmony the title was transferred to the Southern Title Guaranty Company to hold

the title for the widow and her two daughters. That arrangement existed until July 9, 1909. On that date the widow and her daughter Mary signed a document directing the Southern Title Guaranty Company to convey the entire title to the defendant. The title company did so on December 14, 1909. This action was commenced on August 23, 1922. The theory of the plaintiff's case is that the transfer made on December 14, 1909, was but one step in the transaction, and that the entire arrangement was to the effect that the mother, having remarried, and having gone to reside at Seattle, was willing to waive all of her claims in favor of her two daughters and that it was agreed among the three, the widow and the two daughters, that the title should be taken by the defendant and that she would hold the title for herself and her sister share and share alike. Whereas it was the contention of the defendant that the transfer was made to her as settlement in full for all of her claims arising out of the estate of her father and that her sister, the plaintiff, was to be compensated, and at that time was willing to take the chances of being compensated, out of certain moneys which the heirs expected to collect from sales of properties in Guatemala.

The hearing before the trial court ran afield in many respects. The opening brief of the appellant dwells on many propositions that were not controverted by the respondent when she filed her brief. On filing her reply brief the appellant states her contentions as follows: (1) The judgment setting aside a deed absolute will be reversed on appeal unless supported by clear, convincing and conclusive evidence; (2) the evidence does not justify a finding that there was an express trust; (3) the evidence does not justify a finding that there was a constructive trust; (4) the evidence is insufficient to support a judgment for the plaintiff upon any theory. However, in summarizing she claims that "the issues are therefore limited to the question whether the judgment rendered below is supported on a constructive trust theory by the pleadings and by evidence of a clear, convincing and conclusive nature." In other words, the appellant makes two points. She contends that the pleadings are insufficient to show a constructive trust and that the evidence is insufficient.

[1] In the trial court the appellant did not contend that the complaint was insufficient. She interposed a general

demurrer, but she submitted it without argument, took an order overruling it, and at the end of a week filed an answer in which she specifically denied the allegations contained in the complaint and went to trial on the issues so framed. A most cursory reading of the complaint discloses the theory of the pleader to be that it is at least an attempt to plead a constructive trust and a breach thereof. The appellant argues that it is insufficient. To support that argument she cites *Robbins* v. *Law*, 48 Cal. App. 555 [192 Pac. 118]. The case contains nothing that even purports to sustain the claim of the appellant. It seems to us that the most that can be truly said is that the amended complaint contains facts sufficient, but some of those facts are insufficiently pleaded.

[2] As recited above, two inconsistent theories were presented to the trial court. The evidence was full of conflicts. The plaintiff took the stand as a witness and testified to facts tending to support her theory. Mrs. Jenkins, the mother, took the stand and gave testimony similar to the testimony given by the plaintiff. Several disinterested witnesses came forward and testified to certain statements made by the defendant which tended to corroborate the case made by the plaintiff. Many pieces of documentary evidence were introduced which were exhibited to the trial court but which have not been certified up. That court saw the witnesses, had an opportunity to determine which witness so testified as to produce the strongest impression as to his veracity and as to his recollection of the facts which he testified had occurred many years before. Among other things that evidence disclosed that the actual ownership of the San Diego property prior to July 9, 1909, rested in the mother and her two daughters; that it was at least the claim of the appellant that the mother was a person without business judgment; that the appellant, although at that time a girl in her teens, assumed to transact business for the family and was allowed to do so; that, excepting the disputes regarding the management of the property, the relations existing between the sisters and between the mother and the daughters were at all times cordial and confidential; that after the second marriage of the mother the sisters lived together as partners; that when the agreement of July 9, 1909, was drawn up at least the mother and the respondent

did not have any legal advice, nor the advice of any other business counselor, but acted solely on the statements made to them by the appellant; that there was no consideration for the conveyance except as we have recited; and that the relation of personal confidence assumed between the appellant on the one side and her mother and sister on the other was assumed voluntarily. We are not at all inclined to disturb the finding made by the trial court under these circumstances. [3] True it is that there are many decisions to the effect that in cases of this kind in order to support such an attack as is made in this case the evidence should "be clear, satisfactory, and convincing." Of course, that rule is primarily addressed to the chancellor. A reading of the record in the instant case discloses that the trial judge was cautious and painstaking in the attempt to ascertain what were the exact facts. By no means may we say that he abused his discretion.

The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.